IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICHARD J. SIMPKINS            )
                               )
       v.                      )        NO. 3:18-1394
                               )
TERRI SIMPKINS WRIGHT          )

**TO:  Honorable Eli Richardson, District Judge**

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered January 4, 2019 (Docket Entry No. 5), this action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § § 636 (b)(1)(A) & (B), Rule 72(b), and the Local Rules of Court.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 8), to which Plaintiff has filed a response, which the Court has construed as a motion to transfer. *See* Docket Entry No. 15.  For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be denied without prejudice and the motion to transfer be granted.

**I.  BACKGROUND**

Richard J. Simpkins ("Plaintiff") is a resident of Davidson County, Tennessee.  On December 21, 2018, he filed this *pro se* lawsuit against Terri Simpkins Wright ("Defendant"), who he alleges is his "paternal half aunt."  *See* Complaint (Docket Entry No. 1).  Plaintiff sets out allegations of wrongdoing against Defendant related to her role in the settlement of the intestate estate of  Plaintiff's father, who is alleged to have died in 2015.  *Id*.  Plaintiff contends Defendant

breached fiduciary duties and that Defendant's "denial of his inheritance monies denies and breaches his 14th Amendment rights against loss or denial of said properties, monies, and inheritance." *Id*. at 10. The crux of Plaintiff's complaint involves a dispute over approximately $80,000.00 that was in his father's bank account in Florida and over which Plaintiff alleges that Defendant has wrongfully taken control. *Id*. at 5-7. Although Plaintiff does not assert the basis for federal jurisdiction, he alleges that Defendant lives in Utah and the Court has liberally construed the complaint as alleging diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Docket Entry No. 5 at 1.

In lieu of an answer, Defendant has filed the pending motion to dismiss. Defendant seeks dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure, asserting that she has no contact with Tennessee that supports the assertion of personal jurisdiction over her by this Court. *See* Memorandum of Law in Support (Docket Entry No. 9) at 3-4. Alternatively, the Defendant asserts that: (1) the Court lacks jurisdiction to hear Plaintiff's claims to the extent that Plaintiff is essentially asking the Court to exercise jurisdiction over a probate matter; and, (2) Plaintiff's allegations fail to state a claim upon which relief can be granted. *Id*. at 5-8. Finally, Defendant contends that Plaintiff is a vexatious litigant and the Court should enter an order prohibiting him from filing further complaints against Defendant without first obtaining court permission. *Id*. at 8-9.

In response, Plaintiff has filed (1) a motion for leave to amend his complaint, *see* Docket Entry No. 14, and (2) a memorandum in opposition to the motion to dismiss. *See* Docket Entry No. 15. By his motion to amend, Plaintiff revises and adds to his factual allegations, deletes his assertion of a Fourteenth Amendment violation, and asserts the claim that Defendant "wantonly, maliciously, [and] recklessly" engaged in "tortuous interference with expected inheritance." *See* Proposed Amended Complaint (Docket Entry No. 14-1). In his response to the motion to dismiss,

Plaintiff offers no objection to Defendant's lack of personal jurisdiction argument other than to assert that, in retrospect, he should have filed this lawsuit in either the United States District Court for the Middle District of Florida or for the District Court of Utah. *See* Memorandum in Opposition (Docket Entry No. 15) at 8-9. Plaintiff further offers arguments against the substantive dismissal of his claims and in support of his claims and allegations. *Id*. at 4-8 and 9-21.

In reply, Defendant argues that Plaintiff's allegations fail to support plausible claims upon which relief can be granted and that Plaintiff has not shown why the federal probate exception to jurisdiction does not apply. *See* Reply (Docket Entry No. 16) at 1-2 and 4. Defendant further argues that Plaintiff essentially admits that this Court lacks personal jurisdiction over her, *id*. at 3, and argues that dismissal of the lawsuit, not transfer to another federal venue, is the appropriate course of action given the substantive deficiencies in Plaintiff's lawsuit. *Id.* Although Defendant contests that transfer of venue is appropriate, she does not dispute that she is a resident of Utah.

## II. CONCLUSIONS

A. Personal Jurisdiction

Due Process requires that a defendant be subject to the personal jurisdiction of the court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). As the party bringing the lawsuit, Plaintiff must establish that this Court has personal jurisdiction over Defendant. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). There must be a showing that Defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

3

Plaintiff has not argued, let alone shown, that this Court has personal jurisdiction over Defendant, and he actually concedes in his response to the motion to dismiss that his lawsuit should not have been filed in this Court. *See* Docket Entry No. 15 at 9. Accordingly, Defendant's contention that this Court lacks personal jurisdiction over her has merit.

B. Whether to dismiss or transfer the lawsuit

In the face of a lack of personal jurisdiction by this Court over Defendant, the pertinent issue is what to do with this lawsuit. In response to Defendant's request for dismissal of the lawsuit because of the lack of personal jurisdiction, Plaintiff makes an argument for the transfer of his lawsuit to United States District Court in either the Middle District of Florida or the District of Utah as opposed to its dismissal. *See* Docket Entry No. 15 at 9. Given Plaintiff's *pro se* status, the Court liberally construes his filing as a request to transfer venue of his lawsuit to another federal district court.[1]

Section 1406 of Title 28 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A similar provision in 28 U.S.C. § 1631 permits transfer of a case when the court finds "a want of jurisdiction," if the court also finds that transfer to the appropriate district "is in the interest of justice." In reply, Defendant argues that the interests of justice do not support transferring this lawsuit to another federal district because, in Defendant's view, Plaintiff's lawsuit is subject to

---

[1] Although Defendant argues that this lawsuit cannot be removed to a state court, *see* Defendant's Reply at 3-4, Plaintiff does not make such a request in his response to the motion to dismiss.

4

dismissal for the various arguments she raises in her motion that are unrelated to the want of personal jurisdiction.

Sections 1406(a) and 1631 "confer broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). The Court finds that the interests of justice require transfer of this case. Plaintiff is proceeding *pro se* and has explained that he misfiled the lawsuit in this district because of confusion on his part about the difference between meeting diversity jurisdiction requirements and establishing personal jurisdiction over Defendant. *See* Response at 8-9. He also contends that he believed this district would be the most convenient. *Id*. The Court does not view these explanations as evidencing the type of carelessness or misuse of the legal process regarding the location of filing that would justify denying the motion to transfer. Further, while Defendant has set forth an argument that Plaintiff may be a disgruntled plaintiff, Defendant's contention that Plaintiff is a vexatious litigant who deserves not only dismissal of his lawsuit but the extreme sanction of limiting his filings without prior court approval, *see* Defendant's Memorandum at 8-9, is wholly unsupported by anything that is before the Court. The Court passes on any arguments Defendant makes as to the lack of merit in Plaintiff's underlying claims as those arguments are reserved for the court where proper venue of this lawsuit lies.

The Court finds that the interests of justice support transfer of the lawsuit to another district in which it could have been filed. There does not seem to be any dispute that the District of Utah is an appropriate venue given that Defendant resides there. If either of the parties contests that venue is proper in the District of Utah, they may file an appropriate objection to this report and recommendation.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Plaintiff's request to transfer venue (Docket Entry No. 15) be GRANTED;

2) venue of this case be transferred to the United States District Court for the District of Utah in accordance with 28 U.S.C. §§ 1406(a) and 1631;

3) a ruling on Plaintiff's motion to amend his complaint (Docket Entry No. 14) be RESERVED pending further proceedings in the lawsuit (including by any court with venue).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file specific objections to this Report and Recommendation within the required time can constitute a waiver of further appeal of the matters disposed of herein. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

          Respectfully submitted,

          BARBARA D. HOLMES
          United States Magistrate Judge