IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Richard J. Simpkins, <br><br> Plaintiff, <br> v. <br><br> Terri Simpkins Wright, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:19-cv-236 JNP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Jill Parrish. (ECF 32). Pending before the court are three motions: Plaintiff Richard J. Simpkins, who is proceeding *pro se*, filed a Motion to Amend/Correct (ECF 14) and a Motion to Change Venue (ECF 34), and Defendant Terri Simpkins Wright filed a Motion to Dismiss (ECF 28). Plaintiff originally filed this case in the United States District Court for the Middle District of Tennessee and it was transferred to this district in April 2019. (ECF 20).

Both Plaintiff's Complaint and the proposed Amended Complaint center on events surrounding the death of Richard E. Simpkins, who died intestate in Nicaragua. Richard E. Simpkins (the decedent) is father to Plaintiff Richard J. Simpkins and Defendant Terri Simpkins Wright is Plaintiff's half aunt. The decedent left approximately $80,0000 dollars in a bank account that upon his death transferred to Defendant. The transfer of this money and circumstances surrounding the transfer are at the heart of this case. Having considered the parties' respective motions and the relevant case law, the court recommends that Defendant's Motion to Dismiss be granted and Plaintiff's motions be denied.

**Procedural Background**

Plaintiff filed his original Complaint (ECF 1) in the United States District Court for the Middle District of Tennessee on December 21, 2018.  In response, Defendant filed a Motion to Dismiss on January 16, 2019.  (ECF 8).  Defendant sought dismissal due to a lack of personal jurisdiction, lack of subject matter jurisdiction under the federal probate exception and asserted Plaintiff failed to state a claim upon which relief may be granted.  In opposition, Plaintiff moved for leave to amend (ECF 14) and filed a memorandum in opposition to the motion to dismiss.

On March 18, 2019, Magistrate Judge Barbara Holmes recommended the court deny Defendant's Motion to Dismiss without prejudice and transfer the case to this district.  (ECF 18). In opposition to the Motion to Dismiss, Plaintiff argued for transfer of the suit to either the Middle District of Florida or the District of Utah.  (ECF 18 p. 4).  Magistrate Judge Holmes adopted Plaintiff's position and recommended that the matter be transferred to the District of Utah because Defendant resides in this district.  A ruling on Plaintiff's Motion to Amend was reserved for future disposition.  Of interest to the instant motions, Magistrate Judge Holmes also notified the parties that if they contested moving the matter to this district, then they "may file an appropriate objection."  (ECF 18 p. 5).  Neither party filed an objection and the case was transferred to this district on April 8, 2019.  (ECF 19).

**Legal Standards**

In deciding a motion to dismiss the court must determine whether the factual allegations made in the Complaint, if true, would entitle a plaintiff to a legal remedy.  To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).  "Factual allegations [in a complaint] must be enough to raise

2

a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  In other words, the complaint must provide "enough facts to state a claim to relief that is plausible on its face."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,  678  (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109, (10th Cir. 1991).  A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).  "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  The court need only accept as true a plaintiff's well-pleaded factual contentions and not their conclusory allegations.  *See Dunn v. White*, 88 F.2d 1188, 1197 (10th Cir. 1989).  Finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings, *see, e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile."  *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

## DISCUSSION

### I. Defendant's Motion to Dismiss should be granted

Based on either of Plaintiff's Complaints,[1] Plaintiff is seeking to inherit certain funds from his deceased father, who died intestate, after moving to Nicaragua. Before moving to Nicaragua, the decedent sold his home and placed the funds from the sale into a bank account at a Bank of America branch in Florida. *See* Complaint p. 5. The bank account "had a balance in excess of eighty thousand dollars ($80,000.00) at the time of [the decedent's] death." *Id.* (ECF 1), Amended Complaint p. 7 (ECF 14-1). Defendant Terri Simpkins Wright is listed as co-owner on the account. *See* Bank of America Statement, attached as exhibit A to Defendant's motion.[2] After decedent passed away, Ms. Wright withdrew the money from the bank account. *See* Decl. of Terri Wright p. 1 attached to Defendant's Op. to Pla.'s Mtn. to Transfer (ECF 37-1). Defendant intends to distribute the money to decedent's grandchildren. *See id.* p. 2.

Plaintiff argues Defendant has a "fiduciary duty to the rightful and legitimate heirs of [decedent] and has maliciously, recklessly and wantonly breached this fiduciary duty and engaging in tortious interference with expected inheritance." Complaint p. 7. The violations of this duty has caused "catastrophic financial damages in terms of multifaceted lost opportunity cost" to Plaintiff. *Id.* at p. 8. In construing Plaintiff's Complaints broadly, it appears Plaintiff

---

[1] Both the Complaint and Amended Complaint provide the same factual background. Because Plaintiff is seeking to amend the Complaint, the court addresses both the original Complaint and proposed Amended Complaint in this decision.

[2] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir.1994), and documents incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); *TMJ Implants, Inc. v. Aetna, Inc*., 498 F.3d 1175, 1180 (10th Cir.2007). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB–TV, L.L.C*., 493 F.3d 1210, 1215 (10th Cir.2007) (internal quotation omitted)." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

seeks to bring the following causes of action: tortious interference; a violation of the Fourteenth Amendment, *see* Complaint p. 10; breach of a fiduciary duty; and negligent or intentional infliction of emotional distress, *see* Complaint p. 9 (alleging Defendant's actions "caused Plaintiff Richard J. Simpkins great aggravation and emotional distress by complicating his death related grief"). In response to Defendant's motion, Plaintiff withdraws any purported claims for infliction of emotional distress and violations of the Fourteenth Amendment. *See* Opposition p. 8, ECF 35. Each of Plaintiff's claims fail under the federal probate exception.

### A. The federal probate exception applies to this case

The court finds each of the remaining claims is subject to the federal probate exception because Plaintiff claims to be an intestate heir and requests court intervention to disperse the funds to him. Under the federal probate exception "a federal court has no jurisdiction to probate a will or administer an estate" or "to disturb or affect the possession of property in the custody of a state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946). The Supreme Court defined the boundaries for this exception in *Markham*, stating "federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham*, 326 U.S. at 494 (internal quotation marks omitted). In *Marshall v. Marshall*, 547 U.S. 293 (2006), the Supreme Court further clarified the scope of the federal probate exception. The exception "reserves to state probate courts [1] the probate or annulment of a will and [2] the administration of a decedent's estate; it also [3] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise

5

within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. at 296.  "Thus, where diversity jurisdiction exists, federal courts retain jurisdiction to decide matters that are probate-related or that may impact the state probate court's performance of the three tasks reserved to it, so long as the federal court itself does not engage in these tasks." *Dunlap v. Nielsen*, 771 F.App'x 846, 850 (10th Cir. 2019).

Plaintiff's Complaints implicate task number two – the administration of a decedent's estate.  Plaintiff asserts he and his three siblings, "would be entitled to all properties and monies of decedent … under the laws of intestate succession."  Complaint p. 5.  Therefore, this court should order Defendant to "immediately disgorge herself of all the funds and monies originating" from the bank account.  *Id.* at p. 10.  The court finds undertaking such a course of action is an administration of decedent's estate and precluded by the probate exception.  Further, Plaintiff's citations to *Dunlap v. Nielsen* 771 F. App'x 846 and *Marshall v. Marshall*, 547 U.S. 293, only supports this finding as these cases articulate the principles the court is applying in this decision.

### B. Plaintiff fails to state a claim for relief

The court construes Plaintiff's Complaint broadly and "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so" despite certain failings, such as a failure to cite proper legal authority, confusion of various legal theories or an unfamiliarity with pleading requirements.  *Hall*, 935 F.2d at 1110.  Even if the court construes Plaintiff's Complaints to overcome the federal probate exception, Plaintiff fails to articulate certain elements of the alleged claims.  For example, to recover in a suit for interference with inheritance a plaintiff must show "1) a valid expectancy; (2) intentional interference with that expectancy; (3) independently tortious conduct (such as undue influence,

6

fraud, or duress); (4) reasonable certainty that absent the tortious interference the plaintiff would have received the expectancy; and (5) damages." *Lindberg v. United States*, 164 F.3d 1312, 1319, (10th Cir. 1999). Here, Plaintiff fails to allege facts establishing the third or fourth elements. Plaintiff states Defendant engaged in malicious, reckless and wanton conduct (Complaint p. 7) and "likely also impeded, cajoled and otherwise influenced" decedent to not leave a written will or trust agreement. (Amended Complaint p. 14). However, these assertions are not supported by factual averments. An alleged unsupported "propensity towards self-dealing" is insufficient without more. Further, to establish a claim for breach of fiduciary duty requires proof of four elements: (1) a fiduciary relationship; (2) breach of a fiduciary's duty; (3) both actual and proximate causation; and (4) damages. *See Shaw Resources v. Pruitt, Gushee & Bachtell*, 2006 UT App 313, ¶ 22, 142 P.3d 560; *Old Republican Nat. Title Ins. Co. v. Home Abstract & Title Co.*, No. 1:12CV00171, 2014 WL 2918551, at *15 (D. Utah June 27, 2014). Plaintiff fails to allege facts that establish a fiduciary relationship or that Defendant owed some sort of duty toward Plaintiff. Thus, in the alternative, Defendant's Motion to Dismiss should be granted because Plaintiff fails to state a claim upon which relief may be granted.

## II. Plaintiff's motions should be denied

Plaintiff brings a Motion to Amend (ECF 14) and a Motion to Change Venue (ECF 34). In his proposed amended Complaint Plaintiff adds to his factual allegations and asserts the claim that Defendant "wantonly, maliciously, [and] recklessly" engaged in "tortuous interference with expected inheritance, by use of undue influence." Amended Complaint p. 15. Plaintiff's Amended Complaint is suspect to the same problems as the original complaint – the federal probate exception and a failure to set forth a prima facie case for any causes of action. Even under the liberal standard for allowing amended pleadings, "the district court may deny leave to

amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted). Here, even in the proposed Amended Complaint, Plaintiff's factual allegations are not enough to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Thus, denial is appropriate.

Finally, the court finds no merit to Plaintiff's Motion to Change Venue. Plaintiff never objected to Magistrate Judge Holmes decision that the case should be transferred to Utah and not Florida. The Tenth Circuit has long held that "unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed." *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). By not objecting Plaintiff chose this forum. Further, Defendant lives in Utah and Plaintiff in Tennessee. There is no "convenience of the parties and witnesses," interests of justice, or reduced burden in transferring this case to Florida. 28 U.S.C. § 1404(a). In fact, doing so would only lead to another delay and increased costs for all the parties. *See, e.g., 3 form, Inc. v. Sunset Plaza, LLC*, No. 2:10-cv-856 TS, 2011 WL 4565797, at *2 (D. Utah Sept. 29, 2011) (rejecting the argument that costs would be lower by transferring the case from Utah to another jurisdiction). Thus, Plaintiff's Motion to Change Venue should be denied.

## RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and Plaintiff's motions be DENIED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as

provided by rules of Court. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 September 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

9