# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD J. SIMPKINS,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>TERRI SIMPKINS WRIGHT,<br><br>　　　　　　　Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DISMISSING CASE**<br><br>Case No. 2:19-cv-236-JNP-CMR<br><br>District Judge Jill N. Parrish |

　　　　Plaintiff Richard J. Simpkins, proceeding pro se, sued defendant Terri Simpkins Wright, alleging tortious interference with his expected inheritance and breach of fiduciary duty. At the heart of the dispute is Simpkins's allegation that Wright improperly obtained possession of assets of his deceased father, Richard E. Simpkins (the "decedent"), depriving him of his inheritance.

　　　　Wright moved to dismiss the claims against her under Federal Rule of Civil Procedure 12(b)(6). [Docket 20]. Simpkins filed a Motion to Amend/Correct, [Docket 14], and a Motion to Change Venue, [Docket 34]. Magistrate Judge Romero issued a Report and Recommendation suggesting that Wright's motion be granted and that the action be dismissed because the federal probate exception applies to this case or, in the alternative, because Simpkins failed to state a claim upon which relief can be granted. Judge Romero further recommended that Simpkins's motions be denied. Simpkins filed an objection to the Report and Recommendation. [Docket 41]. Thus, the court "must determine de novo" whether his objection has merit. FED R. CIV. P. 72(b)(3).

**MOTION TO DISMISS**

I.  **Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

II.  **Federal Probate Exception**

Simpkins first objects to Judge Romero's conclusion that each of Simpkins's causes of action is subject to the probate exception and thus is outside of the scope of this court's jurisdiction. He argues that this case does not fall within the probate exception because the account at issue was a payable-on-death ("P.O.D.") account. Because such an account is a non-probate transfer under Utah law, UTAH CODE § 75-6-106, Simpkins contends that any dispute over the account is outside of the scope of the probate exception. The court concludes that Simpkins's objection has merit.

Under the federal probate exception, "a federal court has no jurisdiction to probate a will or administer an estate" or "to disturb or affect the possession of property in the custody of a state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946). More specifically, this exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's

estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).

The United States Supreme Court has made clear, however, that the scope of the federal probate exception is quite narrow. *Id.* at 305. "[F]ederal courts of equity have jurisdiction to entertain suits in favor of . . . claimants against a decedent's estate to establish their claims" as long as the court does not "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham*, 326 U.S. at 494 (citations omitted). Thus, an action that affects the distribution of estate assets, but that does not actually constitute the disposal of assets in the custody of the state court, does not fall under the probate exception. *Dunlap v. Nielsen*, 771 F. App'x 846, 850 (10th Cir. 2019); *see also Osborn v. Griffin*, 865 F.3d 417, 435 (6th Cir. 2017) ("[P]roperty that a party *removes* from a decedent's estate prior to his death is not part of the *res* that is distributed by the probate court.").

The court finds persuasive the position of the Sixth Circuit in *Wisecarver v. Moore*, 489 F.3d 747 (6th Cir. 2007). In that case, the Sixth Circuit held that the probate exception did not bar a plaintiff from bringing in personam claims against defendants for assets that had been transferred to the defendants during the decedent's lifetime. *Id.* at 750. Those assets, the court reasoned, were not part of the probate estate. *Id.* Thus, any dispute over them did not infringe on the state probate court's disposition of the estate. *Id.*

Similarly, Simpkins argues that Wright improperly came into possession of the decedent's assets pursuant to acts occurring during the decedent's lifetime. Thus, the account at issue is specifically outside of the scope of the estate. *See* UTAH CODE § 75-6-106; *see also In re Estate of Uzelac*, 178 P.3d 347, 353 (Utah Ct. App. 2008) ("POD accounts are held outside of probate and transfer upon death to the payee."). And a dispute over Wright's interest in assets that are not a

3

part of the probate estate is not within the scope of the probate exception, even though the district court's decision relating to ownership of the assets may be binding on a state probate court. *See Markham*, 326 U.S. at 494.

Although Simpkins's claim rests on the proposition that he should have inherited the funds intestate, the actual dispute centers on Wright's alleged tortious conduct and her interest in assets outside of the estate. Simpkins's alleged right to inherit the property may make this action ancillary to a hypothetical state probate court proceeding, but it does not transform the entire dispute into an estate administration. So long as this court does not engage in the actual task of administering an estate, the court has jurisdiction to adjudicate the rights to the P.O.D. account. *See Markham*, 326 U.S. at 494 (holding that federal courts can exercise jurisdiction to adjudicate rights in property in the custody of a state probate court, so long as they do not interfere with that court's possession of that property). Thus, to the extent that Simpkins requests that the court adjudicate Wright's ownership rights in the P.O.D. account, this action falls outside of the federal probate exception.

### III. Failure to State a Claim Upon Which Relief Can Be Granted

The Report and Recommendation further concludes that Simpkins fails to state a claim upon which relief can be granted. The court has reviewed Simpkins's complaint, his amended complaint, and the exhibits attached to both, and concurs in Judge Romero's conclusion. The facts alleged by Simpkins, even viewed in the light most favorable to him, do not state a claim upon which relief can be granted.

#### A. Tortious Interference

Simpkins alleges that Wright interfered with his right to inherit the money at issue in this case. Although Utah courts have not expressly recognized the common law tort of intentional interference with inheritance, this court assumes for the purposes of this motion that they would. *See Lindberg v. United States*, 164 F.3d 1312, 1319 (10th Cir. 1999). Thus, the court considers

4

whether Simpkins has sufficiently alleged "(1) a valid expectancy; (2) intentional interference with that expectancy; (3) independently tortious conduct (such as undue influence, fraud, or duress); (4) reasonable certainty that absent the tortious interference the plaintiff would have received the expectancy; and (5) damages." *Lindberg*, 164 F.3d at 1319 (citing Sonja A. Soehnel, Annotation, *Liability in Damages for Interference with Expected Inheritance or Gift*, 22 A.L.R.4th 1229 § 3 (1981 & Supp.1998); RESTATEMENT (SECOND) OF TORTS § 774B (1979)).[1]

Nothing in the record suggests that Wright interfered with Simpkins's expectancy or that she engaged in independent tortious conduct. In his pleadings, Simpkins alleges that Wright exercised undue influence over the decedent. He also asserts that she engaged in malicious, reckless, and wanton conduct and that she "likely also impeded, cajoled and otherwise influenced" the decedent not to leave a written will or trust agreement. These are conclusory statements, however, and they are not supported by any factual allegations.

An allegation of undue influence requires more than a "mere opportunity, interest, confidential relation or weakened physical condition" of the decedent. *In re Lavelle's Estate*, 248 P.2d 372, 376 (Utah 1952). Rather, there must be evidence to suggest that the decedent's will was overpowered by the alleged influencer's. *Id.* at 379. Simpkins's complaint discusses extensively the decedent's apparent susceptibility to influence. Simpkins also alleges that Wright had a propensity for self-dealing. At no point, however, does he make factual allegations suggesting that Wright exerted influence over the decedent such that his actions were in fact hers. In fact, Simpkins specifically notes that Wright tried and failed to convince the decedent to leave one of his possessions, a family heirloom firearm, to her son or to another member of the parties' family.

---

[1] Because Utah courts have not spoken on the elements of tortious interference with inheritance, the court relies on the elements suggested by the Tenth Circuit in *Lindberg*. *Id.* at 1319 (noting that the elements of the tort "are quite uniform across jurisdictions that have recognized it").

Thus, Simpkins himself alleges facts to suggest that Wright did not exert influence over the decedent.

Simpkins also alleges the existence of a confidential relationship between the decedent and Wright, the existence of which would give rise to a presumption of undue influence. Such a relationship arises "when one party, having gained the trust and confidence of another, exercises extraordinary influence over the other party." *Webster v. Lehmer*, 742 P.2d 1203, 1206 (Utah 1987) (citation omitted). But Simpkins's allegation that such a relationship existed is also conclusory. To support it, Simpkins relies on an email in which Wright stated that the decedent trusted her. He also contends that the decedent and Wright were siblings. These two factual allegations are far from sufficient to establish the existence of a confidential relationship between Wright and the decedent.

In short, Simpkins fails to allege facts to suggest that Wright interfered with his inheritance or that she engaged in the tortious conduct necessary to give rise to a tortious interference claim. All of his allegations are legal conclusions lacking in any factual basis. Taking Simpkins's alleged facts as true and viewing them in the light most favorable to him, Simpkins is unable to state a claim upon which relief can be granted.

B. Breach of Fiduciary Duty

Simpkins also alleges that Wright breached a fiduciary duty. To establish a claim for breach of fiduciary duty, he must establish four elements: (1) the existence of a fiduciary relationship; (2) breach of the fiduciary's duty; (3) both actual and proximate causation; and (4) damages. *See Gables at Sterling Vill. Homeowners Ass'n, Inc. v. Castlewood-Sterling Vill. I, LLC,* 417 P.3d 95, 109 (Utah 2018). Simpkins does not allege facts sufficient to establish that there existed a fiduciary duty in Wright. Further, even if he were able to allege such a duty, he would be unable to establish that a breach of that duty caused his alleged damages.

Simpkins's complaint does not clearly explain to whom Wright allegedly had a fiduciary duty. Though he suggests that Wright was obligated to hold the funds in the account in trust, he alleges no facts to suggest that he was a beneficiary of this alleged trust. Rather, his complaint seems to suggest that any such duty would be owed to individuals other than Simpkins. In fact, the email upon which he relies specifically states that Wright was holding the money to be distributed to the decedent's grandchildren, rather than to Simpkins. Thus, Simpkins's complaint at most alleges the existence of a fiduciary duty in Wright to individuals other than himself.

Further, even if Simpkins were able to establish that Wright had a fiduciary duty to distribute the funds in line with the decedent's wishes, he alleges no facts to suggest that her alleged breach caused Simpkins's damages. As has been noted, the emails upon which Simpkins relies specifically note that Wright's alleged duty would require that she distribute the money at issue to decedent's grandchildren. At no point does Simpkins allege facts suggesting that Wright was bound to distribute any of the money at issue to him. Thus, her alleged failure to fulfill this fiduciary duty did not cause Simpkins's damages. Had she fulfilled the duty alleged by Simpkins, the money would not have gone to him. Thus, Simpkins fails to allege facts in his pleadings that give rise to a breach of fiduciary duty claim.

## IV. Motion to Amend

Simpkins moves to amend his complaint. The court need not grant leave to amend "where amendment would be futile." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (citation omitted).

For the purposes of the motion to dismiss analysis above, the court considered Simpkins's proposed amended complaint. Based on the allegations in that proposed amended complaint,

Simpkins fails to state a claim upon which relief can be granted. Because the proposed amended complaint is subject to dismissal, amendment would be futile. The court therefore denies Simpkins's motion to amend his complaint.

## V.     Motion to Transfer

Having determined that Simpkins fails to state a claim upon which relief can be granted, the action is dismissed and Simpkins's motion to transfer is denied as moot.

## CONCLUSION AND ORDER

Accordingly, the court ORDERS as follows:

1. The Motion to Dismiss filed by Defendant Terri Simpkins Wright [Docket 28] is **GRANTED**;

2. Plaintiff Richard Simpkins's Motion to Amend [Docket 14] is **DENIED**;

3. Plaintiff Richard Simpkins's Motion to Transfer [Docket 34] is denied as **MOOT**; and

4. Plaintiff Richard Simpkins's action is **DISMISSED** without prejudice.

Signed September 30, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge